UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CARLTON XAVIER MATHEWS,

    Plaintiff,

v.                                            Case No. 3:23cv10561-LC-HTC

SERGEANT W. WALTERS,

    Defendant.
_____/

REPORT AND RECOMMENDATION

Before the Court is Defendant's motion to dismiss, Doc. 25, Plaintiff's response in opposition, Doc. 28, and Defendant's reply, Doc. 31. After reviewing the parties' submissions and the relevant law, the undersigned concludes the motion should be granted, as Plaintiff failed to exhaust his administrative remedies regarding his excessive force claim. Accordingly, this case should be DISMISSED WITHOUT PREJUDICE.

**I.    Background**

Plaintiff Carlton Mathews, proceeding *pro se*, is an inmate of the Florida Department of Corrections ("FDOC") currently confined at Santa Rosa Correctional Institution ("SRCI"). His second amended complaint alleges Defendant W. Walters, a Sergeant at SRCI, violated his Eighth Amendment rights on June 22, 2022, by

choking him, slamming his head into the wall, and elbowing him in the nose. Doc. 14.

## II.   Discussion

Defendant Walters has filed a motion to dismiss, arguing that Plaintiff failed to exhaust his administrative remedies regarding his excessive force claim. The undersigned agrees.

### A.   Exhaustion

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of all available administrative remedies is a mandatory precondition to suit. *See Booth v. Churner*, 532 U.S. 731, 739 (2001). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The requirement is not subject to waiver by a court, or futility or inadequacy exceptions. *See Booth*, 532 U.S. at 741 n.6. Moreover, the PLRA requires "proper exhaustion" so that the agency has an opportunity to address the issues on the merits. *Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006).

An exhaustion defense under the PLRA is treated as a matter in abatement, which means procedurally the defense is treated like one for lack of jurisdiction, although it is not a jurisdictional matter. *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (quotation marks and citations omitted). "As a result, deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Id.* "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* (citing *Bryant v. Rich*, 530 F.3d 1368, 1373-74 (11th Cir. 2008)).

"If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* (citing *Bryant*, 530 F.3d at 1373-74, 1376). "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." *Id.* at 1083. "The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." *Id.* at 1082 (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)).

The grievance procedures promulgated by the FDOC generally require an inmate to: (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance with the warden's office, and then (3) submit an appeal to the Office of the Secretary.  *See* Fla. Admin. Code r. 33-103.005 to 33-103.007; *see also Parzyck v. Prison Health Servs., Inc.*, 627 F.3d 1215, 1218 (11th Cir. 2010).

## B.   Plaintiff's Grievances

Defendant argues Plaintiff never filed any grievances regarding the alleged use of excessive force on June 22, 2022.  Doc. 25 at 12.  Plaintiff does not dispute that he failed to file any grievances regarding the June 22 incident; instead, he argues he was not required to exhaust his administrative remedies because the grievance process was unavailable.

Under the PLRA, a prisoner must exhaust his available administrative remedies, but he need not exhaust unavailable ones.  *Ross v. Blake*, 578 U.S. 632, 642 (2016).  Administrative remedies may be unavailable when: (1) the grievance process "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) the grievance process is "so opaque that it becomes, practically speaking, incapable of use"; or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 643-44.

Here, Plaintiff alleges the grievance process was unavailable because: (1) he was placed on property restriction after the June 22 incident and, thus, did not have the writing materials or form needed to file a grievance; and (2) Defendant threatened to "beat him" if he reported the incident, which discouraged him from filing a grievance. However, after reviewing Plaintiff's grievance history, the undersigned concludes that, under step two of the *Turner* analysis, the reasons Plaintiff provides for not exhausting his administrative remedies are not credible.

First, Plaintiff's allegation that he lacked the materials needed to file grievances following the June 22 incident is contradicted by the fact he filed multiple grievances during that timeframe. The evidence Defendant submitted shows that between June 23, 2022, and July 12, 2022,[1] officials at SRCI received nine informal grievances from Plaintiff and two formal grievances. Doc. 25-1 at 3, 10. Thus, Plaintiff's claim that he lacked the materials to file grievances in the days following the June 22 incident is refuted by the record.

Second, Plaintiff's grievances also demonstrate a fear of retaliation did not prevent him from filing grievances against Defendant. The evidence shows that between July 12, 2022, and August 2, 2022, Plaintiff filed five grievances which accused Defendant of misconduct—specifically, issuing Plaintiff a false disciplinary

---

[1] Informal grievances must be received within 20 days of when the incident or action being grieved occurred. Fla. Admin. Code r. 33-103.011(1)(a).

report and retaliation.[2]  Doc. 25-2 at 5-6, 8-9, 16, 17, 19.  This evidence indicates a fear of retaliation did not make grievances regarding Defendant's conduct "unavailable."  *See Turner*, 541 F.3d at 1085 (concluding a prison official's threats of retaliation make the administrative remedy unavailable only if "the threat actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the process").

Furthermore, "[a] prisoner may bypass the [informal and formal grievance steps] and submit a grievance directly to the Secretary if the grievance is a 'grievance of reprisal,' which is a grievance 'alleging that staff have taken or are threatening to take retaliatory action against the inmate for good faith participation in the inmate grievance procedure.'"  *Coleman v. Bowden*, 797 F. App'x 422, 428 n.2 (11th Cir. 2019) (quoting Fla. Admin. Code r. 33-103.002(9)).  The form used to submit formal grievances and appeals to the Secretary specifically advises an inmate that when he feels he "may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance[,] he may address his grievance directly to the Secretary's Office."  Doc. 25-1 at 12.  Thus, if Plaintiff feared retaliation from Defendant, he could have bypassed the grievance process at SRCI and submitted a

---

[2] Plaintiff filed one informal and two formal grievances to officials at SRCI, and two appeals to the Secretary's office.

grievance directly to the Secretary regarding Defendant's use of excessive force. *See McNeely v. Sec'y, Fla. Dep't of Corr.*, 2019 WL 448379, at *10 (M.D. Fla. Feb. 5, 2019) (concluding administrative remedies were available to grieve force used during cell extraction, despite officers' subsequent threats about filing grievances regarding incident, because inmate "could have bypassed the institutional level, and submitted a grievance of reprisal directly with the FDOC Secretary's Office in a sealed envelope"). The record, however, does not indicate Plaintiff tried to do so.

Based on the foregoing, the undersigned finds administrative remedies were available to Plaintiff but he failed to exhaust them regarding his excessive force claim against Defendant. Thus, this case should be dismissed without prejudice.

Accordingly, it is RECOMMENDED:

1. That Defendant's motion to dismiss, Doc. 25, be GRANTED, and this case be DISMISSED WITHOUT PREJUDICE due to Plaintiff's failure to exhaust his administrative remedies.

2. That the clerk close the file.

At Pensacola, Florida, this 5th day of January, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.

Case No. 3:23cv10561-LC-HTC